**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOAN GOING,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| | : | |
| **AMCOR RIGID PLASTICS and JULIA BARTO** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Joan Going (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Amcor Rigid Plastics (hereinafter "Amcor"), who has been harmed by age and sex discrimination as well as other improper conduct by Amcor and its agents, servants, and representatives.

This action is brought under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII") and the Pennsylvania Human Relations Act (PHRA).

**II. JURISDICTION AND VENUE**

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §12102, 29 U.S.C. 621, 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on the Age Discrimination in Employment Act, and Title VII of the Civil Rights Acts of 1964 and 1991.

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the

events complained of occurred in Allentown, Lehigh County, Pennsylvania, where Defendant's principal place of business is situated.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the Federal Title VII claims, Plaintiff has invoked the procedure set forth in the ADEA and Title VII and has received a Notice of Right to Sue as required. On August 8, 2025, Plaintiff filed a Charge of Discrimination with the EEOC against Amcor, alleging, *inter alia* age and sex-based employment discrimination, which was cross-filed with the Pennsylvania Human Relations Commission (PHRC). On June 1, 2026, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

4. This action has been filed within ninety (90) days of receipt of said Notice.

5. More than one year has elapsed since the filing with the PHRC.

**III. <u>PARTIES</u>**

6. Plaintiff, Joan Going, is an adult female citizen, age 67, and a citizen and resident of the Commonwealth of Pennsylvania.

7. Amcor is a Corporation organized under the laws of the United Kingdom, and a citizen of the State of Michigan by way of its and headquarters in Ann Arbor, MI. As relevant to this action, Amcor maintains a place of business in Allentown, Lehigh County, Pennsylvania.

8. Defendant Julia Barto is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action, Barto was the Human Resources Manager for Amcor's Pennsylvania Operations. At all times relevant hereto, Barto was an agent, servant, workman and/or employee of Amcor, acting and/or failing to act within the scope, course, and authority of her employment and her employer, Amcor. At all times

relevant, Barto was acting in her supervisory and/or personal capacity.

9. At all times relevant herein, Plaintiff was an "employee" as defined by the ADEA, Title VII and the PHRA, and is protected by the provisions of the Acts.

10. At all times relevant herein, Amcor was an "employer" as defined by the ADEA, Title VII and the PHRA, and is subject to the provisions of the Acts.

11. At all times relevant hereto, Amcor acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

12. At all times material hereto, Amcor employed more than twenty employees.

## IV. <u>CAUSES OF ACTION</u>

13. Plaintiff was hired by Amcor on or about August 16, 2022 as a Human Resources Generalist at Amcor's Allentown location.

14. In this position, she was under the direct supervision of Barto at all times material to the events giving rise to this action.

15. At all times, Plaintiff performed her job in a conscientious and exemplary fashion.

16. Plaintiff believes and therefore avers that Defendant Amcor created and/or tolerated a hostile work environment because of her age and sex.

17. Plaintiff was hired on August 16, 2022 as a Human Resources Generalist.

18. Later, in March 2023, Barto was hired as Human Resources Manager for Defendant Amcor's Allentown location.

19. Barto almost immediately began to discriminate against Plaintiff, as well

as other female employees, and in favor of male employees.

20. At the time of the events complained of herein, the administrative staff in the Allentown location consisted of 11 men and 8 women.

21. Of the eight women, Barto either fired or through her hostile and demeaning conduct drove four out of the workplace, including but not limited to

a) firing the Controller and then moving into her office.

b) Megan Morrill, HR Generalist relocating to a New Jersey facility because she no longer wanted to work for Julia Barto.

c) putting the Materials Manager on a PIP to get her to resign and leave the company.

d) consistently harassing the Purchasing Coordinator stating that "Liz has to go, she has to leave this plant." When the employee did. not resign, Barto eliminated her job and ended her employment.

22. No men were terminated or compelleted to relocate.

23. Barto has also made disparaging remarks concerning employees and candidates based on protected characteristics including sex and sexual orientation.

24. This resulted in a written complaint about Barto's conduct that Plaintiff made to Earnie Bliss, Plant Director, in person on December 9, 2024, Katie Polino, Corporate HR Manager on January 22, 2025 during a Teams meeting and Greg Bashore, Vice President of Human Resources by telephone.

25. As far as Plaintiff knows, no action was taken on this complaint, but she believes that Barto was made aware of it.

26. In January 2025, Barto hired Amy Herkalo, (age approximately 33), at a higher rate of pay than Plaintiff, although she was several decades younger and less

qualified than Plaintiff.

27. Barto made Herkalo her "go to girl" (as Barto has described her) and Barto began reassigning Plaintiff's duties to Herkalo, while simultaneously setting Plaintiff up for discipline and termination.

28. The reassignment of duties included recruiting functions that were a major part of Plaintiff's duties.

29. On February 18, 2025, Barto placed Plaintiff on a Performance Improvement Plan.

30. Notwithstanding the fact that the PIP did not contain any measurable goals or metrics, Plaintiff believes that she fully complied.

31. For her part, Barto failed to provide any feedback at all, failed to remove Plaintiff from the PIP, or otherwise acknowledge her successful completion.

32. Barto continued to exclude Plaintiff and withhold information necessary for her recruiting functions, including changes of shift schedules.

33. Instead, Barto provided that information to Herkalo.

34. Barto has also counseled and threatened Plaintiff for following corporate directives concerning internal recruiting and responding to requests for information from the corporate office and other management.

35. One such incident occurred on June 10, 2025 when Barto counseled Plaintiff for following a corporate directive to post a new Code of Conduct for the employees.

36. She also excluded Plaintiff from meetings that related to her own job functions, while including Herkalo, and blames Plaintiff for mistakes that either she or

Herkalo made.

37. As a result of the hostile work environment and other discriminatory conduct by Herkalo, Plaintiff was constructively discharged and resigned from her position in August 2025.

38. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

39. Amcor was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

40. As a direct result of the actions of Amcor's supervisory employees, Plaintiff was deprived of her employment with Amcor.

41. As a direct result of Amcor's conduct, Plaintiff has been irrevocably damaged.

42. As a direct result of Amcor 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

43. As a direct result of Amcor's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. AMCOR**
**VIOLATION OF THE ADEA**

44. Paragraphs 1 through 41 inclusive, are incorporated by reference as if fully set forth at length herein.

45. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to subjecting Plaintiff to age-based discrimination by hiring a substantially younger employee and reassigning Plaintiff's dutied to her.

46. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**PLAINTIFF v. AMCOR**
**VIOLATION OF TITLE VII**

47. Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

48. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to disfavoring female employees and treating them in a disparate fashion compared to male employees.

49. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT III**
**PLAINTIFF v. AMCOR**
**VIOLATION OF THE TITLE VII - RETALIATION**

50. Paragraphs 1 through 47 inclusive, are incorporated by reference as if fully set forth at length herein.

51. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to increasing her disparate treatment of Plaintiff after Plaintiff made complaints of discrimination and filed a Charge with the EEOC, ultimately leading to the constructive discharge of Plaintiff as set forth above.

52. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT IV**
**PLAINTIFF v. AMCOR**
**VIOLATION OF THE ADEA - RETALIATION**

53. Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth at length herein.

54. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to increasing her disparate treatment of Plaintiff after Plaintiff made complaints of discrimination and filed a Charge with the EEOC, ultimately leading to the constructive discharge of Plaintiff as set forth above.

55. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT V**
**PLAINTIFF v. ALL DEFENDANTS**
**VIOLATION OF THE PHRA**

56. Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

57. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to

a. age-based discrimination;
b. sex based discrimination; and
c. causing the constructive discharge of Plaintiff's employment in retaliation for making complaints of discriminatory conduct and filing a Charge of Discrimination.

58. As alleged above, Defendant Barto aided and abetted the discriminatory and retaliatory actions of Amcor.

59. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## V. PRAYER FOR RELIEF

60. Paragraphs 1 through 57 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over her claims;
b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;
c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Amcor ' discriminatory and unlawful conduct;
d. Reinstate Plaintiff to her former position together with back pay and compensatory damages;
e. Award punitive and/or liquidated damages as may be permitted under law;
f. Award Plaintiff attorneys' fees and costs; and
g. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/ *David L. Deratzian*
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff

Date: August 26, 2026